Thank you, Your Honor. May it please the Court, Counsel, I'd like to reserve four minutes for rebuttal. In this case, Petitioner was arrested approximately eight years after the shooting of Dwayne Walker in 1988. Prior to expiring, Mr. Walker identified another person who was brought to the scene as having been the shooter, the assailant. Petitioner is serving life imprisonment without the possibility of parole. In this case, I would focus on whether or not the district court was correct in holding that Petitioner did not show good cause under Ryans v. Weber for imposition of a stay and permission to return to state court to exhaust the cumulative error claim that he had made. Counsel, it seems like the gravamen of this portion of your complaint is on this concept that your client was, in quotes, under the impression, in quotes, that the appeal had accomplished certain things. Were we to accept that as the standard, wouldn't that basically vitiate anything that AEDPA requires? That is not the gravamen of the argument. Actually, the district court ignored the underlying facts for determining whether or not there was good cause. Mr. Wooten, representing himself, inartfully stated that he was under the impression. However, if the district court's determination were to hold sway, it would merely be necessary for the district court to assign talismanic significance to inartful words used by Petitioner, such as that he was under the impression that a claim had been previously exhausted and no one would ever get good cause. What happened in this case is that his court-appointed attorney inexplicably failed to include the cumulative error argument in the petition for review to the California Supreme Court. Counsel, why would you say that she inexplicably failed to do that? The issues that were framed were different in the California Supreme Court than they were in the California Court of Appeal. It's a very, very conscious decision to omit some issues and to reframe others. This was not a copycat of her brief in the California Court of Appeal. I believe it was virtually a copycat. The issue that she raised, she raised one issue as an actual issue, which was whether or not the court should take this case to determine whether or not an appellate court can simply find that though there was insufficient evidence, that a robbery occurred to support special circumstances for a murder, that the court can just find that there was an attempted robbery and simply alter the judgment. She then raised the other three issues for the purposes of exhaustion. She inexplicably omitted the cumulative error argument. But where's the cause, though, counsel? That's what you're talking about. And caused by under our jurisprudence, it must be, in effect, a third-party causation, something, you know, a snowstorm, death in the family, something that made it impossible or highly unlikely that the appropriate argument could be made. Where's the cause in this? The cause is all that court-appointed attorney had to do was simply write those words in the petition for review. But it was under his control. It was under his control. Nothing intervened from the outside to make it impossible for him to do that, right? When he found out, he actually filed a petition for writ of habeas corpus in the California Supreme Court in November of 2005, which was ultimately ruled on in August of 2006. So he himself acted with extreme dispatch, raising that issue to the court. Counsel, help me on this. We're talking about the cause and effect, or cause and prejudice, rather, element of a schluck, basically. And I'm understanding you to say that you can show cause. Now, in the brief, it talks about your client was under the impression, supposedly trying to create a new element of cause. But all you're telling me is that the attorney didn't do it inexplicably. It was corrected promptly. But that's not cause under the jurisprudence that we have, is it? Under the case that I cited from New York, from Nevada, which is Reiner v. Crawford, 415 F. Suck 2, 1207-06, and also Jackson v. Roe, there is no need for extraordinary circumstances to demonstrate this kind of cause. Well, I'm still not getting this, because under our Ninth Circuit jurisprudence, which is what controls here, there's nothing like that. Nothing at all. There's got to be a third-party cause. And you're not telling me one. You're telling me that this attorney inexplicably did something. And I'm not saying that you may have an ineffective assistance of counsel if it were at the trial level or something. We don't have the right on appeal. But where's the cause? The cause is – I disagree. The cause is under Jackson v. Roe, 425 F. 3rd, 654, Ninth Circuit. And the case I cited, Reiner v. Crawford, that the cause is ineffective assistance of counsel by failing to raise that. But there's no right to counsel on appeal, is there? No constitutional right to counsel on appeal. There's a constitutional right to counsel on direct appeal. Whether there's a constitutional right to counsel on a petition for review in the California Supreme Court, if that's the question. Well, that's what we have here, isn't it? Yes, we have someone exhausting remedies in the California Supreme Court. Even if your client was under the impression, he's been advised by the magistrate that this was an unexhausted claim. The magistrate said, here are your options. You have one, two, or three. And he refused to choose one, two, or three. He insisted on doing something else. And the magistrate told him three times, here are your options. He did not tell him three times. I disagree. Actually, what happened is the magistrate extended the time for Mr. Wooten to file an objection to the January 6, 06, reporting recommendation to March 16, 06. And after that, Mr. Wooten filed an objection on or about March 23. The district court then approved of the report and recommendation in late March. Then there was a period of inaction. After that point, in April, nothing was done. Then in May, the district court, I mean, the magistrate judge came out with a third report and recommendation and simply recommended that the case be dismissed. All right. So the magistrate told him twice. He told him twice. And laid it out in black and white. Here's what your options are. And petitioner exercised his right to object to the magistrate. Then he's made his bed. I disagree. When he came back, when he filed an objection to the third report and recommendation, he clearly asked the court, as was elicited by the COA granted in this case, to please simply rule on my exhausted claims. After that point, nothing was done by the court. That was ignored by the court. The case was dismissed. That was in his objection? Correct. Case correct. And that's the paper filed with the district court. Correct. I want to reiterate that clearly under the case that I cited from Nevada, that this attorney's failure to simply, you know, regurgitate the cumulative error claim in the petition for review is cause, good cause, for Mr. Wooten to go back to exhaust that claim. I will reserve 56 seconds. Good morning, Your Honors. Carl Henry, Deputy Attorney General, on behalf of the Respondent and Warden. May it please the Court. There was no abuse of discretion in this case, because as to the first issue, there simply was no good cause, and the record shores that up. I would submit the following, Judge Smith. The United States Supreme Court did not define good cause in Rhines v. Weber. We would all agree with that. However, they did say that stays and advances should be given in, quote, limited time. Limited circumstances. So we certainly know that given that mandate, that it's limited circumstances, good cause must be something significantly strong. We would all agree with that as well. It would appear to us that we sort of adopt, the Attorney General, at least of California, sort of adopt a test that Judge Smith proffered. I guess Judge Smith framed it as a third-party nexus and so forth. What seems to be out there in, at least in California, is a test defined as an external objective factor. And it seemingly comes out of procedural default law vis-a-vis Coleman v. Thompson. If we follow what your opposing counsel recommended, doesn't it in effect gut EDPA? Absolutely. Absolutely. And utilizing either an external objective factor or a third-party nexus, you would have the following situation. And the record torpedoes his point on cause. You have in this record appellate counsel sending a letter to Petitioner at the institution indicating that the petition for review has been filed. And here is a copy of the petition. That's in the excerpts of record at 234. So we know that as of on or about September 21, 2005, Petitioner had in his prison cell a copy of the petition for review. 356 days roughly later, he filed the first, the initial federal habeas petition in this case. In essence, he had 356 days from more or less the receipt of the petition for review to read through that document and decide whether or not if the cumulative error claim is being omitted, maybe I should rush to the California Supreme Court to file a habeas petition on that point. If the court doesn't want to look at that date, look at the date of November 23, 2005. On that date, the excerpts of record 236 is a letter from appellate counsel to Petitioner indicating, gee, I'm sorry, the California Supreme Court has denied review to the petition that I've already sent to you. Roughly 293 days flew off the calendar before he filed the federal habeas initial petition. He has not shown an external objective factor to prevent him from doing that. So much so that after review was denied by the California Supreme Court, he filed a petition for writ of certiorari in the United States Supreme Court. If he could do that, he could rush to the California Supreme Court to file a habeas petition. When was that petition, the first cert file? We don't know, Your Honor, but we do know when it was denied. It was denied March 7, 2005, and he did not file the initial federal habeas petition until September 12, 2005. Have you ever read a case where a court actually says, well, this error is not reversible, this error is not reversible, this error is not reversible, but when you put them all cumulatively, we reverse. I've seen cases where the issue has been alive and kicking as to the briefs itself, but, Your Honor, it's going straight to Baldwin v. Reese. Baldwin v. Reese is a mandate from the U.S. Supreme Court that says that if a state high court is required to go beyond the body of the petition, they should not do so. They could, but just because they could doesn't mean they constitutionally are obligated to do so. That was not done. I think we would all agree that the petition for review in this case omitted, tactically or otherwise, omitted accumulative error or labeling of such as to due process. What was the posture of the objection that counsel made to the magistrate's report? What did that say? He indicated in his objection to the motion to dismiss that he was under the impression, quote, that the petition for review had raised the accumulative error claim. That could not be the case. I actually wanted to point out something. I guess I was kind of picking up on the last thing that counsel said, which was that he just said, well, why don't you rule on my exhausted claims? Well, as I understand it, procedurally so, and there are several other factual points I wanted to flesh out to add more light to this. We, I myself, filed a motion to dismiss because it seemed clear to me that the petition for review raised the special circumstance issue. That was the main point of the petition for review, and that's a state law issue, whether or not the special circumstance statute could be expanded. Here you had a situation where the jury found the robbery circumstance, and on appeal, the court of appeal more or less said, well, there's insufficient evidence for the robbery, but the statute would permit attempted robbery in order to preserve the felony murder conviction. That was his main position in the petition for review to the California Supreme Court. Pursuant to the California rules of court, which is currently rule 8.508, counsel was bound and obligated to highlight those issues that would not be important enough in and of themselves to grant review, but the rule that I just cited indicates that counsel should consider the issue of the federal habeas corpus. You can have a separate section that says, to exhaust for purposes of federal habeas corpus, these aren't important enough for review, but I need to exhaust these issues, and I'm required to do the following, so I'm doing the following. That is what counsel discharged in this case. He discharged the main point, the special circumstance state law issue, and the exhaustion requirement so says the rules of court. He, at that point, she, I should say, I keep saying he, she at that point decided tactically that I'm not going to raise a due process federal cumulative error claim. We don't have an affidavit in here from counsel, do we? Not to my knowledge. The record is unclear on that. I don't have any explanation from her as to whether that was strategic or whether she thought it was a mistake. We do not, nor did the district court, for purposes of the review aspects of this case, but we do have the letters in the record that I've just cited, September 21st letter, 2005, to petitioner, as well as counsel's letter dated November 23rd, 2005, the first letter indicating here's a copy of the petition for review that was filed yesterday, September 20th, and the November 23rd letter indicating that review was denied, and review was denied by the counsel on November 17th, the letter was dated to petitioner on November 23rd. Those are the only bodies of evidence that we have from counsel as to her explanations in this case. But we do know that there was no external factor that, A, prevented petitioner from reading through the 15-page petition for review to see, gee, this issue's not there, maybe I should take the laboring oar and do that. I need to highlight significantly the following. This was not a babe in the woods. At trial, a felony murder case tried to a jury, petitioner waived his right to counsel and tried the case himself, pro se. So he certainly had the qualifications and experience having litigated a case from start to finish, a felony murder case to a jury. Having that knowledge and aptitude and experience, he certainly could have sat in the cell conveniently, quietly, and read through 15 pages to see that the issue that was raised on appeal, in the court of appeal, was being omitted in the petition for review, to which he either, A, could have written counsel and asked for an explanation, or, B, filed a petition for writ of habeas corpus to the California Supreme Court, which he ultimately did months, months, months later on November 23rd, November 22nd, 2005. And as I indicated, if he had the means and the capacity to file a cert petition in the United States Supreme Court, then there was no external objective factor that would prevent him from doing what he ultimately did on November 22nd, 2005, and that's file a habeas petition. I see that my time is pretty limited, so let me emphasize the following. As to counsel's reply brief, he basically indicates that the dismissal without prejudice was, in fact, a dismissal with prejudice, i.e., that at the dismissal point, the case would be untimely. And that's simply not the case at all. By my calculus, when he filed the California Supreme Court habeas petition on November 22nd, 2005, since cert was denied by the United States Supreme Court on March 7th, 2005, his filing in the California Supreme Court was day 259 of the 365 days for purposes of the statute of limitations under the ADEPA. When the California Supreme Court denied his habeas petition, that was August 3rd, 2005. The dismissal in this case was earlier, June 2005. In fact, the notice of appeal mailed to this court was earlier, July 2005. I would submit to your honor that when the California Supreme Court denied habeas relief in this case, that was day 260. He then had 105 days to do what he didn't do. Instead of coming to this court, he could have easily, within 105 days, simply filed a federal habeas petition. And the California Supreme Court, having now received a ruling from the California Supreme Court on the cumulative error claim, he has not shown why he didn't do that. More importantly, he had time to do so. He has not shown an external factor that prevented him from doing so. And that's part of the calculus as well, whether or not there was an abuse of discretion because the dismissal would lead to an untimeliness. You're saying he has, in fact, now exhausted in California? Well, presumably, from the record, the California Supreme Court denied the cumulative error claim on August 30th, 2005. And what I'm submitting to your honor is that's roughly two months after, after the district court ruled in this case. So he had, from August 2005, 105 days without relying on relation back, without relying on any amendment or any other tactic or any other given, he could have simply filed a petition. Instead, he came to this court. And I would submit at that point. All right. He could not have filed any such petition because it would have been secondary successive. He would have had to come to this court in any case to file such a petition. So that is not a good argument. Now, there is no law anywhere that I'm aware of. And counsel didn't cite any for this new theory that he has, that external factors are required for the Rines good cause standard. That is simply not the case. I cited a case. To my understanding, that case went unopposed. And I'll cite it again because I like it. 415 F sub second 1207 2006 district of Nevada. And also the initial time line that counsel cited is misleading because what does Reiner say? Reiner says that good cause does not require extraordinary circumstances. That's a district court case from Nevada. And you feel like binding on us? Sorry. You feel that is binding on us? It tells us what good cause is not. It doesn't tell us what it is. It tells us it's not extraordinary circumstances, but short of extraordinary circumstances, what is good cause? And what would be the good cause in this case? That he didn't think that his, that he thought his counsel had exhausted it even though she had sent him a copy of the pleading? Good cause is the fact that, you know, the fact that there's a letter somewhere that says that a pleading was sent to him is really, you know, far-fetched as far as evidence is concerned. But anyway. Did your client file an affidavit saying I've never received such a thing? He did not. Did he state it? I don't even believe that was part of the analysis in the district court. Well, you know, if he had come forward and said I've never seen this document, and so I can only go by my impressions, I'd have had a little bit of a stronger case. But if he hasn't even said that, and we have evidence in the record that his counsel said, a letter from his counsel saying here's the denial and here's a copy of what I filed, why can't we rely on that? You haven't got anything else to contradict that, right? It's hearsay. Okay. So what would you have us do? Well, I don't even care about that letter, because under the facts of this case, my client is entitled to a stay in this case. And he was entitled to a stay in this case because his court-appointed counsel who filed a petition for review simply inexplicably did not include that language, and that is good cause. And that does not gut AEDPA. And in fact, if this client does not get a stay, that would gut the habeas corpus right. I think your beef is with Congress, not us. Thank you, counsel. The next case on the oral argument calendar is David Kim v. Adams. Thank you.
judges: Canby, Bybee, Smith